## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Nicholas M. Mercurio, a Special Agent with the United States Drug Enforcement Administration (hereinafter referred to as DEA), U.S. Department of Justice, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7). I am, therefore, an officer who is empowered to conduct criminal investigations, and to make arrests for, offenses enumerated in Title 18, United States Code, Section, 2516. I am a Special Agent with the DEA and have been employed with the Federal Government as a Law Enforcement Officer since 2020 before joining the DEA in 2025. As a Special Agent, I have been sworn to enforce the laws of Title 21, United States Code, and related offenses under Title 18, United States Code. I have received 18 weeks of training at the DEA Training Academy in Quantico, VA. I am currently assigned to the DEA Caribbean Division Airport Investigations and Tactical Team (AirTAT). During my law enforcement training and career, I have received detailed instruction in and conducted various investigations concerning the unlawful importation and distribution of controlled substances; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

2. Based on my training and conversations with other law enforcement officers, I have become familiar with the trafficking of illegal drugs and it's proceeds, and with the drug trafficking organizations operating in Puerto Rico. As part of my official duties, I am required to participate in seizures of property and currency, which are obtained from proceeds of illegal drug trafficking activity. Moreover, I have been trained how to interview persons involved in the drug trafficking and money laundering business. Through my training and experience, I have become familiar with the modus operandi of drug traffickers and their methods of communication, which includes the use of cellular telephones.

3. The information in this affidavit is based upon my personal knowledge, as well as information that I have received from other law enforcement sources. Because this affidavit is made for the limited purpose of establishing probable cause for the issuance of an arrest warrant, I have not recited each and every fact known to me as a result of this investigation. As a result of my personal participation in this investigation, conversations with other law enforcement officers, reports and other sources, I am familiar with the circumstances described in this affidavit.

4. I make this affidavit in support of a criminal complaint concerning the following federal offense: Possession with Intent to Distribute Five Hundred Grams or More of Cocaine in violation of 21 U.S.C. § 841(a)(1).

## PROBABLE CAUSE

5. The Drug Enforcement Administration (DEA) Caribbean Division (CD) Airport investigations and Tactical Team (AirTAT) members in Puerto Rico are working in conjunction with the Department of Homeland Security's (DHS) Homeland Security Investigations (HSI), and Puerto Rico Police Bureau (PRPB) at the Luis Munoz-Marin International Airport (SJU).

6. On August 21, 2025, at approximately 4:35 a.m., PRPB along with HSI personnel were conducting luggage inspections with a drug-detection canine (K-9). During the inspection the K-9 alerted positive to the presence of the odor of narcotics on one large black suitcase registered through JetBlue Airlines. The suitcase was tagged to Rivera-Delgado and destined for New York, via a flight from San Juan, Puerto Rico, on JetBlue Airlines. HSI AirTAT personnel working at SJU made contact with a male subject who was later identified as Edwin Rogelio Rivera-Delgado. (identified through his Puerto Rico Driver's License along with Boarding Pass). His boarding pass revealed his travel destination was New York's John F. Kennedy International Airport (JFK).

7. At this point, HSI AirTAT agents asked Rivera-Delgado if they could talk to him in private due to a PRPB K-9 alerting to the odor of narcotics on black, hard-shell luggage bag registered to his name. Rivera-Delgado admitted that the black, hard-shell luggage bag registered to his name was his property. HSI AirTAT personnel

asked Rivera-Delgado if he prepared the luggage bag under his name to which Rivera-Delgado answered yes and opened up the luggage bag.

8. With the consent of Rivera-Delgado, HSI AirTAT personnel inspected the luggage bag. Inside, they discovered 4 brick-shaped objects wrapped in black tape with clear plastic, surrounded by clothing inside the suitcase. At this point, HSI AirTAT personnel escorted Rivera-Delgado to the AirTAT office at the SJU.

9. Based on experience and training of the agents, the brick-shaped objects were consistent with the shape and size of kilogram bricks of cocaine.

10. On the same date, HSI AirTAT personnel called DEA AirTAT personnel for assistance and DEA AirTAT personnel took custody of the case.

11. The brick-shaped objects were field tested by HSI AirTAT personnel with positive results for cocaine and weighed approximately 4.25 kilograms.

## CONCLUSION

12. Based on the foregoing, I believe there is probable cause that Edwin Rogelio Rivera Delgado committed the following Federal offense: Possession with Intent to Distribute Five Hundred Grams or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1).

NICHOLAS MERCURIO
Digitally signed by NICHOLAS MERCURIO
Date: 2025.08.21 14:25:36 -04'00'

Nicholas M. Mercurio
Special Agent, DEA

Sworn in accordance with the requirements of FRCP 4.1 at 3:04 p.m. by telephone, this 21st day of August 2025.

Hon. Héctor L. Ramos-Vega
United States Magistrate Judge
District of Puerto Rico